**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KONSTANTINE MURVANIDZE,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03537-MBB |

**ORDER**

Petitioner Konstantine Murvanidze petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). He asks the Court to order the Government to immediately release him. (***Id.*** at p. 16). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), its implementing regulations, or his right to due process, the petition is DENIED.

**Background**

Petitioner, a citizen of Georgia, entered the United States illegally in 2022. (***Id.*** at p. 6); (**Doc. 1-2**). The Department of Homeland Security ("DHS") arrested him, initiated removal proceedings, and released him into the country under 8 U.S.C. § 1226. (**Doc. 1-2**). DHS allegedly required in-person and remote reporting requirements. (**Doc. 1**, p. 6). Petitioner allegedly filed an application for asylum. (***Id.***). And DHS allegedly eased his reporting requirements in 2024. (***Id.***). On August 4, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (**Doc. 1**, p. 7). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (**Doc. 1-1**); (**Doc. 7**, p. 1).

On August 28, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention under Section 1225(b)(2)(A) violates the INA. (***Id.*** at pp. 7-10). And he argues that DHS violated Section 1226, its implementing regulations, and his constitutional right to due process when it revoked his conditional parole. (***Id.*** at pp. 10-14).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA, its implementing regulations, or his right to due process.

## I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).

Petitioner argues that his mandatory detention under Section 1225(b)(2)(A) is unlawful. That Section says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United

States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, a Georgian citizen, does not allege that he was admitted to the United States. His conditional parole did not bestow admission. *See* ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). That is true even if DHS initially processed him under Section 1226. *See* ***Avila***, 170 F.4th at 1137 (holding that "the mere failure of [DHS]" to initially detain an alien under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act" (internal quotation marks omitted)).

**II. Petitioner's detention does not violate due process because the legislative scheme permits it.**

Petitioner argues that DHS was required to provide notice and a hearing before his re-detention. But the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that

aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may detain Petitioner under Section 1225(b)(2)(A) because he has not been admitted. *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34.

Petitioner cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** Petitioner's procedural due process claim fails because the legislative scheme authorizes his detention.

### III. Petitioner fails to prove that the Government violated Section 1226, its implementing regulations, or his right to due process.

Petitioner argues that DHS violated 8 C.F.R. § 236.1(c)(9), 8 C.F.R. § 1236.1(c)(9), and his right to procedural due process when it revoked his release and re-detained him. 8 C.F.R. §§

236.1(c)(9) and 1236.1(c)(9) give certain DHS officials discretion to revoke an alien's release. Petitioner presents a scanned copy of his "Order of Release on Recognizance," dated January 22, 2022, as proof that no authorized official revoked his release. (**Doc. 1-2**). He points to a section at the bottom allowing for cancellation, which is unmarked and unsigned. (***Id.***). According to Petitioner, this proves that no authorized official revoked his conditional parole. (**Doc. 1**, p. 11); (**Doc. 8**, pp. 2-3).

Section 1226 gives the Attorney General broad authority to revoke an alien's conditional parole. *See* **8 U.S.C. § 1226(b)**. 8 U.S.C. § 1103(g)(2) empowers the Attorney General to delegate that authority. *See* ***Rivera v. Garland***, 108 F.4th 600, 605 (8th Cir. 2024). No statute limits that delegation to certain officials. And Petitioner "has no entitlement to procedural rights other than those afforded by *statute*." ***Thuraissigiam***, 591 U.S. at 140 (emphasis added). Regardless, neither statute nor regulation says that revocation of release is *invalid* unless ordered by the officials listed in 8 C.F.R. §§ 236.1(c)(9) and 1236.1(c)(9).

Even if the Court were to agree that due process requires a certain individual to revoke a deportable alien's release, Petitioner fails to prove non-compliance. A blank signature line on a form that predates his re-detention by over four years is not enough. And Petitioner must clear the preponderance of the evidence hurdle, not the Government. See ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979).

**Conclusion**

Petitioner's detention without bond does not violate the INA, its implementing regulations, or his right to due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026